UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIDEWATER ELECTRICAL INDUSTRY ) | |
| HEALTH FUND, et al., ) | |
| ) | Civil Action No. 3:16-0486 |
| Plaintiffs, ) | |
| ) | *Judge Campbell* |
| v. ) | *Magistrate Judge Knowles* |
| ) | |
| JOEL W. MUMFORD d/b/a ) | |
| M&O ELECTRICAL CORP., ) | |
| ) | |
| Defendant. ) | |

## **ORDER GRANTING PRELIMINARY INJUNCTION AND WAIVING BOND**

Pending before the Court is a motion by Plaintiffs for a preliminary injunction and to waive any requirement for security in connection with issuance of the preliminary injunction. Defendant has not responded to the motion, and pursuant to Local Rule 8(b)(3) the failure to file a response indicates there is no opposition. Despite the lack of opposition, the Court has considered the motion and the entire record in this matter, and makes the following findings.

The motion is supported by the declaration of Angela Nelson who relates under penalty of perjury as allowed by 28 U.S.C. § 1746 that factual statements in her declaration are true. The declaration establishes the following: Plaintiffs are multiemployer employee welfare benefit plans as that term is defined in ERISA at 29 U.S.C. §1002 (1). Defendant Joel W. Mumford d/b/a M&O Electrical Corp. is a party to a collective bargaining agreement requiring the payment of contributions to Plaintiffs, and is an employer as that term is defined in ERISA at 29 U.S.C. 1002 (5). Under terms of the collective bargaining agreement, Defendant is obligated to send Plaintiffs a monthly payroll report with details about the hours of work and wages of its employees and the report is to be accompanied with payment of contributions.

Plaintiffs filed suit pursuant to 29 U.S.C. § 1145, which was added to ERISA in 1980 due to the Congressional recognition that delinquencies of employers in making required contributions in a timely fashion impose a variety of costs to health and pension plans, including the loss of funds to pay benefits, interest income, additional administrative expenses, attorney's fees and other legal costs, and also the possibility that employees may not receive health or pension benefits.[1]

Consideration of Plaintiffs' motion for a preliminary injunction requires weighing the interests of Plaintiffs and Defendant upon the consideration of four factors: (1) whether there is a strong or substantial likelihood of Plaintiffs' success on the merits; (2) whether an injunction will save Plaintiffs from irreparable injury; (3) whether an injunction will harm others, including Defendant; and (4) the impact the Court's ruling will have upon the public interest. Dayton Area Visually Impaired Persons, Inc. v. Fischer, 70 F.3d 1474, 1480 (6th Cir.) cert. den. 517 U.S. 1135 (1996). These factors are to be balanced and do not receive rigid application or an assignment of equal weight. (Ibid).

Because uncontested facts as stated in the Nelson declaration establish Defendant violated 29 U.S.C. § 1145, there is a strong or substantial likelihood of Plaintiffs' success on the merits. Issuance of the injunction will likely save Plaintiffs from irreparable injury, as the Nelson declaration reveals that absent the payment of contributions, employees of Defendant may not receive health, pension, and other benefits. Issuance of the injunction will not harm others, as Defendant will merely be required to conform its conduct to §515 of ERISA. The public interest embodied in §515 of ERISA will be served by issuance of the injunction.

---

[1] Senate Committee on Labor and Human Resources, S1076 - The Multiemployer Pension Plan Act Amendments of 1980, Summary and Analysis of Consideration 96th Cong., 2d Sess. at 43-4 (Comm. Print, 1980).

Accordingly, pursuant to Fed. R. Civ. P. 65 (a) the Court hereby enters a preliminary injunction against the Defendant requiring the timely future payment of contributions and submission of all monthly payroll reports, as required under 29 U.S.C. § 1145. All payments presently owing and all payroll reports presently due shall be submitted to Plaintiffs within twenty (20) days of the date of entry of this order.

Plaintiffs have also moved to waive any requirement for security in connection with issuance of the preliminary injunction pursuant to Fed. Civ. R. P. 65(c). For reasons stated in Plaintiffs' memorandum in support, the Motion is hereby granted and bond is hereby waived.

The Clerk is directed to send a copy of this order to the Defendant Dynamic Concrete Pumping, Inc., c/o Lea M. Ney, Registered Agent, 3052 Leon Rd., Jacksonville, FL 32246.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
United States Chief District Judge

APPROVED FOR ENTRY:


s/R. Jan Jennings
R. Jan Jennings, BPR No. 1536
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN  37203
Tel.: (615) 254-8801


**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the foregoing has been served via United States First Class Mail with adequate postage affixed thereon to the following:

        Joel W. Mumford
        d/b/a M&O Electrical Corp.
        628 Prosperity Way
        Chesapeake, VA  23320

This 18th day of May, 2016.

        s/R. Jan Jennings
        R. Jan Jennings